IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Kenya C. Vance,<br><br>        Plaintiff,<br><br>vs.<br><br>Walton Plastics, *et al.*,<br><br>        Defendants. | CASE NO. 1:23-cv-00703<br><br>DISTRICT JUDGE<br>David A. Ruiz<br><br>MAGISTRATE JUDGE<br>James E. Grimes Jr.<br><br>**REPORT &<br>RECOMMENDATION** |

This Court referred this case to me "for general pretrial supervision, setting case management dates, and preparation of report and recommendation(s) on all dispositive motions." Doc. 5. After the Court's referral, Defendants filed a motion for judgment on the pleadings. Doc. 9. In July 2023, I held a case management conference. *See* Doc. 10. During the conference, I gave Plaintiff Kenya Vance until July 24, 2023, to respond to Defendants' motion. *See* Doc. 11, at 5. Vance has not responded to Defendants' motion. Defendants' motion is ripe for decision.

In his complaint, Vance asserts that his "supervisor … tried to have sexual relations with" Vance. Doc. 1, at 7. He claims that he "maintained [his] professionalism" and implies that he rebuffed his supervisor. *Id*. Vance says that this led to "write up's" and, after he complained to human resources, his termination. *Id*. at 7–8.

In their motion, Defendants rely on Federal Rule of Civil Procedure 12(c) and argue that Vance has "fail[ed] to provide grounds for subject matter jurisdiction." Doc. 9, at 4. Specifically, they note that Vance "used a prepared form when drafting his Complaint" and that when given a choice between checking a box for jurisdiction based on "federal question" or "diversity of citizenship," Vance choose the latter. *Id*. at 5; *see* Doc. 1, at 3. After noting that Vance identifies all parties as Ohio residents, Defendants assert that "on the face of [Vance's] Complaint, there is no diversity of citizenship." Doc. 9, at 5. They consequently assert that Vance's complaint should be dismissed. *Id*. at 6.

Alternatively, Defendants suggest that in the event that the Court finds that Vance has presented a Title VII claim, the individual defendants should be dismissed. *Id*.; *see Post v. Trinity Health-Michigan*, 44 F.4th 572, 577 (6th Cir. 2022) ("Title VII permits suits only against employers, not third parties.").[1]

*Discussion*

Let's start with the basics. First, because Vance is unrepresented, he is entitled to have his complaint construed liberally. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).

---

[1] *Post* is a case under the American with Disabilities Act (ADA), not Title VII. *See* 44 F.4th at 576–77. But the ADA incorporates Title VII's "remedies and procedures. *Id*. at 577. And because Title VII, the Age Discrimination in Employment Act (ADEA), and the ADA all "define 'employer' essentially the same way, an analysis based on Title VII, the ADEA, and the ADA case law is appropriate." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 n.6 (6th Cir. 1997); *see Post*, 44 F.4th at 577.

2

Second, sexual harassment, which includes unwelcome sexual advances, is actionable under Title VII. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64–67 (1986).

Third, Rule 12(c) says "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." In considering a defendant's motion under Rule 12(c), "all well-pleaded material allegations" in the complaint "must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104, 1107 (6th Cir. 2012) (quoting *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)). The defendant must show that "no material issue of fact exists and" that it is "entitled to judgment as a matter of law."[2] *Id.* at 1108 (quoting *Tucker*, 539 F.3d at 549).

The essence of Defendants' primary argument is that Vance checked the wrong box on the form complaint that he used to initiate this action.[3] But Vance is unrepresented. And viewing the facts that he alleges in his complaint "in the light most favorable" to him, particularly when construing his complaint liberally, it is plain that he is alleging that his supervisor subjected

---

[2] A motion under Rule 12(c) is an appropriate "vehicle for raising" Defendants' argument. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. updated Apr. 2023).

[3] Vance used United States Courts Form Pro Se 1, "Complaint for a Civil Case," which is available at https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case.

3

him to unwelcome sexual advances and, after Vance rebuffed him and complained, the supervisor retaliated against Vance. This states a claim that arises under federal law. *See Meritor*, 477 at 64–67; *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir. 1997) (explaining the elements of a Title VII retaliation claim). Dismissing Vance's complaint simply because he checked the wrong box on a form would grant Defendants a windfall, especially since they don't actually claim that "no material issue of fact exists." *Coyer*, 701 F.3d at 1107; *see* Wright & Miller, § 1368 ("motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court"). In fact, based on their alternative argument, discussed below, Defendants understand what is evident from Vance's complaint—that his claim arises under Title VII. As a result, the Court has federal-question jurisdiction.

On the other hand, Defendants correctly point out that Title VII claims lie only against Vance's employer, not against his supervisor and his supervisor's superior. Doc. 9, at 6; *see Post*, 44 F.4th at 577. Despite being given additional time to challenge this argument, Vance chose not to respond to it. So the Court should dismiss the individual defendants.

4

## Conclusion

For the above reasons, I recommend that the Court grant in part Respondents' motion and dismiss Defendants Mike Kappen and Joe Hardy.

Dated: August 9, 2023

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).