**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| KENYA C. VANCE, *pro se*, | ) CASE NO. 1:23-cv-703 |
| | ) |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| | ) |
| v. | ) |
| | ) |
| WALTON PLASTICS, *et al.*, | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

**I. Procedural Background**

This matter is before the Court on the Report and Recommendation of Magistrate Judge James E. Grimes, Jr. (R. 12) (R&R). Plaintiff Kenya C. Vance, *pro se*, filed a Complaint against Defendants Walton Plastics, Mike Kappen, and Joe Hardy. (R. 1). Using a form template, Plaintiff checked a box indicating the basis for jurisdiction was "diversity of citizenship." (R. 1, PageID# 3). However, in response to the form's question asking "If the Basis for Jurisdiction Is a Federal Question", Plaintiff alleged: "Harassment, Sex Discrimination, Retaliation, wrongful term." *Id*. After Defendants filed a Joint Answer to the Complaint (R. 6), they filed a Motion for Judgment on the Pleadings on May 26, 2023. (R. 8). The same day, Defendants filed a corrected

motion to fix incorrect pronoun usage. R. 9).[1] Plaintiff has not filed a brief opposing the motion for judgment on the pleadings.

On August 9, 2023, the assigned Magistrate Judge issued the pertinent R&R. The Magistrate Judge recommends denying Defendants' motion to the extent it seeks dismissal of the entire action on the grounds diversity is lacking. (R. 12). Keeping in mind that Plaintiff is proceeding *pro se* and construing the Complaint in the light most favorable to Plaintiff, the R&R determined that " it is plain that [Plaintiff] is alleging that his supervisor subjected him to unwelcome sexual advances and, after Vance rebuffed him and complained, the supervisor retaliated against Vance. This states a claim that arises under federal law[,]" a Title VII claim. (R. 12, PageID# 85-86). Conversely, the R&R agreed with Defendants that Plaintiff's Title VII claim lies only against Plaintiff's employer, and not against the individually named Defendants who are Plaintiff's supervisor and the supervisor's boss. *Id*. Thus, the R&R recommends that the Defendants Mike Kappen and Joe Hardy be dismissed from this action, but that the motion for judgment on the pleadings be denied. (R. 12). Neither side has filed any objections to the R&R.[2]

## II. Standard of Review

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Federal Rule of Civil Procedure 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further

---

[1] Thus, the Court DENIES the first motion (R. 8) as moot, as it has been replaced by the subsequent filing. (R. 9).
[2] A copy of the R&R was mailed to the *pro se* Plaintiff on August 9, 2023.

evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec.*, 2022 WL 219327, at *1 (N.D. Ohio, Jan. 25, 2022) (Lioi, J.) (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

### III. Conclusion

Here, the Report and Recommendation placed the parties on notice as to the potential for forfeiture in the event of failure to object. (R. 12, PageID# 87). The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 12) is hereby ADOPTED.

The Court GRANTS in part and DENIES in part the Amended Motion for judgment on the pleadings. (R. 9). Defendants Mike Kappen and Joe Hardy are hereby DISMISSED as parties

to this action. Further, as set forth in footnote one, the original Motion for judgment on the pleadings (R. 8) is DENIED as moot.

    IT IS SO ORDERED.

Date: March 19, 2024           s/ *David A. Ruiz*
                                                    David A. Ruiz
                                                    United States District Judge