**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENYA C. VANCE, *pro se*, | ) | CASE NO. 1:23-cv-703 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| WALTON PLASTICS, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

### I. Procedural Background

This matter is before the Court on the Report and Recommendation (R&R) of Magistrate Judge James E. Grimes, Jr., which recommends that Defendant Walton Plastic's Motion for Summary Judgment be granted. (R. 22).

Plaintiff Kenya C. Vance, *pro se*, filed a Complaint against Defendants Walton Plastics, Mike Kappen, and Joe Hardy. (R. 1). Using a form template, Plaintiff checked a box indicating the basis for jurisdiction was "diversity of citizenship." (R. 1, PageID# 3). However, in response to the form's question asking "If the Basis for Jurisdiction Is a Federal Question", Plaintiff alleged: "Harassment, Sex Discrimination, Retaliation, wrongful term." *Id*. After Defendants filed a Joint Answer to the Complaint (R. 6), they filed a Motion for Judgment on the Pleadings on May 26, 2023. (R. 8). The same day, Defendants filed a corrected motion to fix incorrect

pronoun usage. (R. 9). The Magistrate Judge issued an earlier Report and Recommendation, which recommended: (1) denying Defendants' motion to the extent it seeks dismissal of the entire action on the grounds that diversity is lacking; (2) finding that Plaintiff, in light of his *pro se* status, sufficiently pleaded a Title VII claim for sexual harassment and retaliation; and (3) dismissing Defendants Mike Kappen and Joe Hardy as Plaintiff's Title VII claim lies only against Plaintiff's employer. (R. 12). This Court adopted these aforementioned recommendations, and Defendants Kappen and Hardy were dismissed from this action. (R. 25).

## II. Legal Standards

### A. Standard of Review for Magistrate Judge Report and Recommendations

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Federal Rule of Civil Procedure 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206

2

(9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

"A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted); *United States v. Dawson*, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.")

Furthermore, "litigants cannot be permitted to use litigation before a magistrate judge as something akin to spring training exhibition game, holding back evidence for use once the regular season begins before the district judge." *Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005) (finding that after having the opportunity to present relevant evidence concerning a motion for summary judgment, "[a]bsent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted.")

**B. Summary Judgment Standard**

Summary judgment is appropriate only if the moving party demonstrates there is no genuine dispute of material fact on an issue that would entitle the movant to judgment as a matter of law. Fed.R.Civ.P. 56(a). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In this context, a court "must shy

3

away from weighing the evidence and instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021); *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge…." *Anderson*, 477 U.S. at 255. Nevertheless, a disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

"The movant must initially show the absence of a genuine issue of material fact. The movant need not produce evidence to show this absence; instead, it may discharge its burden by pointing out to me an absence of evidence to support the nonmovant's case." *Starr v. Wainwright*, No. 3:19-CV-2934, 2023 WL 5153436, at *7 (N.D. Ohio Aug. 10, 2023) (Carr, J.) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Once the movant meets that initial burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted).

### III. Analysis

Defendant's motion for summary judgment argues that Plaintiff cannot establish the elements necessary for a claim of sexual harassment under Title VII. (R. 17, PageID# 138-139).

To prevail in a sexual harassment claim, a plaintiff must prove that: (1) she is a

member of a protected class; (2) she was subject to unwelcomed sexual harassment; (3) the harassment was based upon her sex; (4) the harassment unreasonably interfered with her work performance and created a hostile work environment; and (5) defendant knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action.

*Barrett v. Whirlpool Corp.*, 704 F. Supp. 2d 746, 754 (M.D. Tenn. 2010) (*citing Mullins v. Goodyear Tire & Rubber Co.*, 291 Fed. App'x 744, 746 (6th Cir. 2008)); *accord Hush v. Cedar Fair*, L.P., 233 F. Supp. 3d 598, 603 (N.D. Ohio 2017).

Defendant argues that Plaintiff has not raised a genuine issue of material fact with respect to the second element of a sexual harassment claim. (R. 17, PageID# 139-140). Specifically, Defendant contends that Plaintiff "states no specific events or actions that demonstrate he was subjected to unwelcomed sexual harassment by his supervisor. All Plaintiff does is provide a blanket statement stating his supervisor attempted to have sexual relations with him. Plaintiff never reported any conduct to his superiors or human resources regarding any alleged sexual harassment." *Id*. The Magistrate Judge noted that Plaintiff "did not support his opposition with an affidavit or other evidence." (R. 22, PageID# 190).

The R&R stated as follows:

Basically, [Defendant] Walton called [Plaintiff] Vance to show his cards, "to 'put up or shut up' on" his sexual harassment allegations. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). At that point, Vance had the burden to "'com[e] forward with evidence raising a triable issue of fact.'" *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 124 F. App'x 329, 330 (6th Cir. 2005) (citation omitted); *see Street*, 886 F.2d at 1478. To do that, Vance had to do more than simply rely on his pleadings; he had to come forward with evidence to show that there is a genuine issue for trial. *Hunley v. DuPont Auto.*, 341 F.3d 491, 496 (6th Cir. 2003).

Vance, however, did not come forward with evidence. Instead he responded with an unsupported assertion that Walton's assertions were "inaccurate or misleading" and a vague statement that he "avoided" "[e]very sexual encounter on the work floor." Doc. 18, at 1. Unsupported and vague assertions are not evidence, however. Nor are allegations in an unverified complaint. And without some

evidence—an affidavit, sworn testimony, or even a verified complaint, *see El Bey*, 530 F.3d at 414—Vance cannot survive summary judgment. *See Street*, 886 F.2d at 1478; *Ghandi*, 747 F.2d at 345; Fed. R. Civ. P. 56(e)(2), (3).

(R. 22, PageID# 192-194) (footnotes omitted).

The deadline for discovery expired on November 7, 2023. (R. 14). Plaintiff's objections to the R&R (R. 23) do not identify any legal error in the Magistrate Judge's analysis, and the Court finds that the R&R's statement of the law and its application to the present action both correct. Further, while it would arguably be untimely to do so, Plaintiff's objections point to no evidence in the record that could create a genuine issue of material fact with respect to the requisite elements of a sexual harassment claim. The Court agrees that a plaintiff—not even a *pro se* plaintiff—may rest on his allegations in the complaint. As correctly stated in the R&R, "Plaintiffs, however, are not entitled 'to get to the jury on the basis of the allegations in their complaints, coupled with the hope that something can be developed at trial….'" (R. 17, PageID# 191, *quoting Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 345 (6th Cir. 1984) (*citing First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968)).

To the extent the complaint alleges a claim for retaliation, such an action requires a plaintiff to show that: "(1) [plaintiff] engaged in activity protected by Title VII; (2) this exercise of protected rights was known to [plaintiff's employer]; (3) [the employer] thereafter took adverse employment action against [plaintiff]; and (4) there was a causal connection between the protected activity and the adverse employment action." *Nathan v. Great Lakes Water Auth.*, 992 F.3d 557, 571 (6th Cir. 2021) (*quoting Dixon v. Gonzales*, 481 F.3d 324, 333 (6th Cir. 2007)). Defendant has presented evidence that Plaintiff never made a complaint to his employer about any alleged sexual harassment. (R. 17-1, PageID# 148; Aff. of Patti Burke at ¶21). Conversely, Plaintiff has presented no evidence suggesting that such a complaint was made with which he

6

could create a genuine issue of material fact. Therefore, Defendant is entitled to summary judgment on Plaintiff's retaliation claim as well.

### IV. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 22) is hereby ADOPTED and Defendant's motion for summary judgment (R. 17) is GRANTED. Consequently, this action is dismissed in its entirety.

IT IS SO ORDERED.


Date: July 16, 2024                          s/ *David A. Ruiz*
                                             David A. Ruiz
                                             United States District Judge